### TURCHIN v. MATHESON LEAD CO.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

NEW TRIAL (§ 68*)—VERDICT CONTRARY TO EVIDENCE.

> Where, in a negligence case, it appeared that the mechanical appliances for holding in place certain covers, of which complaint was made, were as secure as the convenient use of the covers permitted, and there was nothing other than mere conjecture to show that defendant did not properly maintain them, the court properly set aside a verdict for plaintiff and granted a new trial.

> [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 135–140; Dec. Dig. § 68.*]

Appeal from Special Term, Queens County.

Action by Nicholas Turchin against the Matheson Lead Company. Verdict for plaintiff, and, from an order granting a new trial, he appeals. Affirmed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Nicholas Aleinkoff, of New York City, for appellant.
Edward P. Mowton, of New York City, for respondent.

---

PER CURIAM. The mechanical appliances, for holding the covers as securely as their convenient use permitted were sufficient. The sole issue is whether the defendant did his duty in properly maintaining them. The rule "res ipsa loquitur" does not apply, for the sufficient reason that the covers were necessarily moveable, and the fact that one moved under the unmeasured driving power of a man slipping against it does not of itself show abnormal condition of the securing bolts. Nor is there evidence of omission of duty in maintaining the covers. The plaintiff's argument is that the cover moved under the pressure applied, and that it would not have moved had the bolts been properly tightened; hence the screws were not properly set. The difficulty is that the pressure of the man slipping and falling is a quantity unmeasured and unknown. It may have been sufficient to open doors properly held. It must be considered that the covers were made to open and shut under a force consistent with work properly and lawfully done on the surface of the conveyor. The suddenly fallen man may have applied that force. The evidence leaves the question unanswered, save by unpermitted conjecture.

The order should be affirmed, with costs to respondent.